UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRAVIS GENTLE and LISA GENTLE, | NO:  2:16-CV-121-RMP |
| Plaintiffs, | PROTECTIVE ORDER |
| v. | |
| PORTLAND ORTHOPAEDICS LIMITED; PORTLAND ORTHOPAEDICS, INC.; SYMMETRY MEDICAL, INC., doing business as Symmetry Medical Othy; SYMMETRY MEDICAL OTHY; SYMMETRY OTHY; OTHY; MIPRO US , INC.; MAXX HEALTH, INC.; MAXX ORTHOPEDICS, INC.; PLUS ORTHOPEDICS; SMITH & NEPHEW, INC.; and JOHN DOE CORPORATIONS 1-50, | |
| Defendants. | |

**STIPULATED PROTECTIVE ORDER**

**I.    SCOPE OF THIS ORDER**

A.    Disclosure and discovery activity in this proceeding may involve

production of confidential, proprietary, and private information for which special

PROTECTIVE ORDER ~ 1

protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the within agreed upon Protective Order.

B. This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information produced or disclosed during this proceeding, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party to this proceeding (the "Producing Party") to any other party or parties (the "Receiving Party") whether or not such documents or information are informally produced or produced in response to formal discovery requests.

C. Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Producing Party for purposes of the Protective Order.

D. Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

E. This Protective Order is binding upon all parties to this lawsuit including their respective affiliates, attorneys, principals, agents, experts, consultants, representatives, directors, officers, employees and others as set forth in this Protective Order.

## II.    PROTECTIVE ORDER

A.    At any time prior to the production of any documents or information by the producing party, it may designate such information or documents as confidential or highly confidential and subject to this Protective Order.  The producing party shall further designate material as confidential or highly confidential and subject to this Protective Order by placing the following or substantially similar marking on each copy of each document copied for, by, or on behalf of the Plaintiff(s) or Co-Defendants in this action in a manner which will not interfere with its legibility:  "CONFIDENTIAL – SUBJECT TO AGREED PROTECTIVE ORDER,"  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Documents or information so designated shall be referred to herein as "Confidential Discovery Material."

B.    Any Confidential Discovery Material that is filed with the Court, and any pleading, motion, or other paper filed with the Court that reveals the content of any such Confidential Discovery Material, shall be filed under seal and shall bear the legend:

THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT.

C.     Use of Confidential Discovery Material subject to this Protective

Order at trial will be determined by subsequent agreement of the parties or order of

this Court.

D.     Disclosure of "CONFIDENTIAL" Information or Items: Unless

otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated

CONFIDENTIAL only to:

(1)     counsel of record for the parties in this action;

(2)     paralegals or secretarial employees under the direct supervision

or employ of counsel of record in this action;

(3)     retained experts of the parties;

(4)     the Court and its personnel;

(5)     outside copy and document processing entity or person in

connection with this litigation;

(6)     former employees, subcontractors or independent contractors of

the defendant(s);

(7)     treating physicians;

(8)     parties or current employees of the parties;

(9)     the author of the document or the original source of the

information or people who were recipients, such as "cc's" and "bcc's;" and

(10)    a mediator, arbitrator or other private dispute resolution

PROTECTIVE ORDER ~ 4

facilitator.

The parties agree that the documents designated as confidential may be revealed to additional persons, including parties and/or in-house counsel, by agreement, which shall not be unreasonably withheld.  Under no circumstances shall any of the categories of persons under this paragraph disclose such confidential documents to the press or media.

E.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(1)    counsel of record for the parties in this action;

(2)    paralegals or secretarial employees under the direct supervision or employ of counsel of record in this action;

(3)    in-house counsel, officers, employees for the parties in this action;

(4)    retained experts of the parties;

(5)    the Court and its personnel;

(6)    outside copy and document processing entity or person in connection with this litigation;

(7)    the author of the document or the original source of the

PROTECTIVE ORDER ~ 5

information or people who were recipients, such as "cc's" and "bcc's"; and

(8)    a mediator, arbitrator or other private dispute resolution facilitator.

F.    Each person who reviews or inspects confidential documents or information subject to this Protective Order (excluding counsel of record and employees of counsel) shall be brought within the personal jurisdiction of this court, including its contempt power, by signing a copy of the attached Exhibit 1, signifying agreement to the provisions of this Protective Order and consenting to the jurisdiction of this Court over his or her person for any proceedings involving alleged improper disclosure of said protected documents or information.

G.    No person entitled to access to protected documents or information under this Protective Order shall be provided with the protected documents or information unless such individual has first read the Protective Order of this Court and completed and signed the attached Exhibit 1 provided.  No person entitled to access confidential documents or information shall disclose or discuss the existence or contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect or examine the materials protected herein.  The information protected by this Protective Order shall be used for the sole purpose of the preparation for the above referenced lawsuit, and shall not be used for any other purpose or for any other legal action except as provided by this Protective Order.

H.     Each party's counsel shall maintain a list of the names of all persons who inspect or review Confidential Discovery Material obtained from another party prior to trial of this matter or who receive any copies of such confidential documents.  Each party will produce a copy of the executed Exhibit 1 for each of its testifying experts along with that expert's report.  With the exception of the Expert provision discussed in this section, the parties expressly agree, and it is hereby ordered, that except in the event of a violation of this Order, the parties will make no attempt to seek copies of the Endorsements to Exhibit 1 or to determine the identities of the persons signing them.  If the court finds that any disclosure is necessary to investigate a violation of this Protective Order, such disclosure will be made under a separate court order.  Persons who come into contact with confidential information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Endorsements but must comply with the  terms of this Protective Order.  The terms of this Protective Order shall not apply to any publicly available information or documents.

I.     RETURN OF DOCUMENTS AND INFORMATION.  Copies of documents and information produced by a defendant may remain in the possession of the undersigned Plaintiffs' counsel and staff as defined in paragraph II.D.2., but shall be governed by the terms and conditions of this Protective Order.  The documents and information produced by a defendant may be used by the undersigned counsel of record in this lawsuit.  The documents and information

PROTECTIVE ORDER ~ 7

produced by a defendant may not be used for any other purpose nor disclosed to any other person except as provided by this Protective Order without the express written consent of the producing defendant upon written application or request to the producing defendant.  Within thirty (30) days after the conclusion of this lawsuit, the undersigned Plaintiffs' attorney shall either (1) return all the documents and information to the producing defendant at the location selected by the producing defendant and at the undersigned Plaintiffs' attorney's expense, or (2) produce an affidavit executed by the undersigned Plaintiffs' attorney indicating that all of the documents from the producing defendant have been destroyed or will be destroyed within a reasonable time.  This Protective Order remains in full force and effect and governs the use of the documents and information.

J.    APPLICATION TO THE COURT.  Nothing herein shall be construed to preclude or limit any party from opposing any discovery on any ground which would otherwise be available.  Nothing in this Protective Order shall be deemed to preclude any party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information.  Nothing in this Protective Order shall preclude any party from seeking or obtaining, on the appropriate showing, an order lifting the protection granted in this Protective Order with respect to the confidentiality of documents or information.

PROTECTIVE ORDER ~ 8

K.    ADMISSION INTO EVIDENCE.  The terms of this Protective Order shall not be construed as any limitation upon the right of any party to offer into evidence any documents, response, or information designated as confidential.

L.    VIOLATION OF PROTECTIVE ORDER.  A violation by any person of any provision of this Protective Order may be punishable as determined by the Court.  Further, the parties may pursue any and all civil remedies available for breach of the terms of this Protective Order.

M.    JURISDICTION OF THE COURT.  This Court retains jurisdiction over the parties, counsel for the parties, and all persons, firms, corporations, or organizations, whomsoever, to whom this Protective Order applies, for purposes of enforcement of this Protective Order following the conclusion of this action.

N.    CHALLENGE TO CONFIDENTIALITY DESIGNATION.

1.    If a party elects to challenge any designation of confidentiality of any documents or information pursuant to this Protective Order, that party shall provide the designating party thirty (30) days advance written notice and afford the producing party opportunity to voluntarily remove such designation.  The producing party shall, within thirty (30) days of the receipt of such notice, either voluntarily remove the designation or file a written motion with the Court for an order preventing or limiting disclosure.  Each such motion shall be accompanied by one copy of each document, response, or portion or     transcript challenged, following the provision set forth above in paragraph II.B. of this Protective Order,

and the confidentiality of such information, shall remain protected until the Court

orders otherwise.  In the event the producing party files a motion seeking

protection of challenged documents or information, the party opposing the motion

shall respond to the motion and the producing party shall have the opportunity to

reply.

The interested parties shall attempt to resolve any such challenge by

agreement prior to the time for filing of a motion as herein provided.  If the

challenge is not resolved by agreement, or by voluntary removal, and if no motion

is filed within thirty (30) days   of the receipt of written notice of the challenge,

then the confidential designation shall be removed and shall not thereafter apply to

such documents or information.

2.    All documents, testimony, or other materials designated by the

producing party as confidential shall retain their confidential status during the

pendency of any proceeding challenging confidentiality initiated by a party until

such time as the parties'  contentions initiated by a party regarding confidentiality

of documents and materials so designated are fully and finally adjudicated,

including such appeals as may be sought.

3.    Neither this Protective Order nor the designation of any item as

confidential shall be construed as an admission that such material or any testimony

in respect to such material in a deposition or otherwise would be admissible in

evidence in this litigation or in any other proceeding.  In addition, this Protective

1    Order does not, of itself, require the production of any information or document.

2        O.    THIRD PARTY REQUEST FOR CONFIDENTIAL DISCOVERY

3    MATERIAL.  If confidential documents or information in the possession of a

4    receiving party is subpoenaed or requested by any court, administrative or

5    legislative body, or any other person or organization purporting to have authority

6    to subpoena or request such data or information, the party to whom the subpoena

7    or request is directed shall not, to the extent permitted by applicable law, provide

8    or otherwise disclose such documents or information without waiting ten (10)

9    business days after first notifying counsel for the producing party in writing of: (1)

10    the information and documentation which is requested for production in the

11    subpoena or request; (2) the date on which compliance with the subpoena or

12    request is sought; (3) the location at which compliance with the subpoena or

13    request is sought; (4) the identity of the party serving the subpoena or making the

14    request; and (5) the case name, jurisdiction, and index, docket, complaint, charge,

15    civil action, or other identification number or designation identifying the litigation,

16    administrative proceeding, or other proceeding in which the subpoena or request

17    has been issued.

18        P.    INADVERTENT OR UNINTENTIONAL DISCLOSURE.  Any

19    inadvertent or unintentional disclosure of confidential material will not be

20    construed as a waiver, in whole or in part, of (1) the producing party's claims of

21    confidentiality either as to the specific information inadvertently or unintentionally

disclosed or as to any other confidential material disclosed prior to or after that date, or (2) the producing party's right to designate said material as confidential material pursuant to this Protective Order.  This Protective Order does not in any way deprive a party of its right to contest the producing party's claims to protection for confidential, proprietary, and trade secret information.  Nor does this Protective Order in any way deprive the producing party of its right to claim that such information should be protected from disclosure.  Production of documents or information pursuant to this Protective Order shall not be construed as a waiver of any sort by the parties.

Q.    Nothing herein shall be construed or applied to affect the rights of any party to discovery under the Federal Rules of Civil Procedure, or to assert any objection, or to prohibit any party from seeking such further provisions or relief as it deems necessary or desirable regarding this Protective Order, including, but not limited to an order that discovery not be had.

**IT IS SO ORDERED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 30th day of November 2016.

_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge

**EXHIBIT 1**

1

2

3

4

5

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

6

7 TRAVIS and LISA GENTLE, husband and
wife,

8                    Plaintiffs,

9            v.

10 PORTLAND ORTHOPAEDICS LIMITED;
PORTLAND ORTHOPAEDICS, INC.;

11 SYMMETRY MEDICAL, INC., d/b/a
SYMMETRY MEDICAL OTHY;

12 SYMMETRY OTHY; OTHY; ORCHID
ORTHOPEDIC SOLUTIONS; MIPRO US,

13 INC.; MAXX HEALTH, INC.; MAXX
ORTHOPEDICS, INC.; PLUS

14 ORTHOPEDICS; SMITH & NEPHEW,
INC.; and JOHN DOE CORPORATIONS

15 1-50,

16                    Defendants.

17

NO. 2:16-cv-00121-RMP

PROTECTIVE ORDER
AGREEMENT

18

19

20

21

PROTECTIVE ORDER ~ 14

## **WITNESS ENDORSEMENT OF AGREED PROTECTIVE ORDER**

I hereby attest to my understanding that information or documents designated confidential are provided to me subject to the Agree Protective Order dated November 30, 2016 ("Protective Order"), in the above-captioned litigation; that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Endorsement indicating my agreement to be bound by the Protective Order is a prerequisite to my review of any information or documents designated as confidential pursuant to the Protective Order.

I further agree that I shall not disclose to others, except in accord with the Protective Order, any Confidential Discovery Material, as defined therein, or any information contained in such Confidential Discovery Material, in any form whatsoever, and that such Confidential Discovery Material and the information contained therein may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such discovery material and information will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of

court, for such failure.  I agree to be subject to the jurisdiction of this Court for the purposes of any proceedings relating to enforcement of the Protective Order.

I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the Protective Order has yet been entered as an Order of the Court.

BY:   _____

Printed Name:   _____

PROTECTIVE ORDER ~ 16